UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

A.K.,

Plaintiff,

v.

SSA COMMISSIONER,

Defendant.

Case No. 25-cv-08132-SVK

**ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION**

In December 2017, Plaintiff filed applications for disability insurance benefits and Supplemental Security Income alleging disability beginning August 15, 2014. *See* Dkt. 11 (Administrative Record ("AR")) 563-575. After three hearings before and decisions by Administrative Law Judges ("ALJs"), two of which followed remands by the Appeals Council, an ALJ found Plaintiff to be disabled as of August 20, 2019 but not disabled prior to that date. AR 14-43. In this action, Plaintiff challenges the ALJ's finding that she was not under a disability during the period from August 15, 2014 (Plaintiff's alleged onset date) to August 19, 2019 (the day before the onset date determined by the ALJ), which this Order will refer to as the "disputed time period." All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 4, 10.

The Commissioner "is not disputing Plaintiff's arguments regarding issues in the ALJ's findings for the period prior to August 20, 2019," and the Parties agree that the case should be remanded, although they disagree about whether the case should be remanded for the calculation and award of benefits or for further proceedings. Dkt. 12, 16. Accordingly, the Commissioner's decision is **REVERSED AND REMANDED**. For the reasons discussed below, the case is remanded for the for the calculation and award of benefits for the disputed time period from August 15, 2014 to August 19, 2019.

## I. FACTUAL BACKGROUND

### A. The First ALJ Decision and First Appeals Council Remand

Plaintiff's December 2017 applications for disability insurance benefits and Supplemental Security Income were denied initially in January 2018 and upon reconsideration in July 2018.

United States District Court
Northern District of California

United States District Court
Northern District of California

AR 186-187, 263-274. After a hearing, an ALJ issued an order denying Plaintiff's disability claims on February 19, 2020. AR 188-206 (the "First ALJ Decision"). The ALJ found that Plaintiff had one severe impairment (depression), that no listings were met or equaled, that plaintiff could perform medium work involving simple routine tasks and make simple routine decisions, was limited to lifting 50 pounds maximum and 25 pounds frequently and stand and walk for 6 hours in an eight hour workday, and that Plaintiff could not return to past relevant work but had the residual functional capacity ("RFC") to do other work including hand packager and industrial cleaner. *Id.* In reaching these conclusions, the ALJ found that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent with the medical record. AR 196.

Following Plaintiff's request for review, the Appeals Council vacated the First ALJ Decision and remanded in October 2020 for resolution of two issues. AR 207-213, 379-380. First, the Appeals Council noted that the ALJ stated at the hearing that he would order an orthopedic consultative examination, but there was nothing in the record showing the examination was ever scheduled or an explanation why the examination was not scheduled, and the Appeals Council thus found that Plaintiff should be afforded the opportunity for a consultative examination on remand. AR 209. Second, the Appeals Council noted that the record documented obesity and stated that further evaluation of obesity was warranted. *Id*.

**B. The Second ALJ Decision and Second Appeals Council Remand**

After the first remand and another hearing, an ALJ issued a partially favorable decision on February 24, 2023, finding plaintiff disabled beginning on August 20, 2019. AR 214-245 (the "Second ALJ Decision"). The ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spine, obesity, and depression AR 220. The ALJ determined that prior to August 20, 2019, plaintiff was able to perform medium work with the following limitations: lift and carry 50 pounds occasionally and 25 pounds frequently, stand and/or walk for 6 hours in an 8 hour workday, sit for 6 hours in an 8 hour work day, and perform simple routine tasks and make simple work related decisions. AR 224. The ALJ determined that beginning on August 20, 2019, Plaintiff had the RFC to perform sedentary work with additional

limitations including standing and walking two hours in an eight hour workday, sitting for six hours in an eight hour workday, carrying 10 pounds occasionally and less than 10 pounds frequently, and performing simple routine tasks. AR 230. In reaching these conclusions, the ALJ found that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were not fully supported prior to August 20, 2019 because they were inconsistent with Plaintiff's description of her daily activities, but that her allegations were consistent with the evidence as of August 20, 2019. AR 227-228, 230. The ALJ found that before August 20, 2019, Plaintiff was able to do the same jobs identified in the First ALJ Decision, but after August 20, 2019, Plaintiff was disabled under Rule 201.14 of the Medical-Vocational Guidelines. AR 233.

Following Plaintiff's request for review on the question of the onset date, the Appeals Council reversed and remanded again in December 2023. AR 246-252, 472-474. First, the Appeals Council noted that the reversal and remand was only for the purposes of readjudicating the issue of disability before August 20, 2019. AR 248. The Appeals Council noted that in considering the persuasiveness of the opinion evidence, the ALJ's decision:

> does not address the opinion of Norman Banks, M.D. at Exhibit 26F for the period prior to August 20, 2019 or explain why the significant limitations were not warranted earlier. Specifically, Dr. Banks opined that the claimant could only sit and stand/walk for less than 2 hours each in a workday, and the date of onset of her impairments was February 2014, and he had treated the claimant since that time (Exhibit 26F). Further consideration should be given to this opinion evidence.

AR 248. The AC also observed that:

> The Administrative Law Judge found that, prior to August 20, 2019, the claimant had the residual functional capacity to perform medium work (Finding 5). In so finding, the decision indicates that the prior administrative medical finding limiting the claimant to light work is "unsupported by the medical records," and the restriction to medium work is supported by the records and the claimant's activity level (Decision, pages 12-13). However, at pages 12-13, the decision does not adequately explain why the opinion of Dr. Bradus is not supported by the source or why it is inconsistent with the record pursuant to 20 CFR 404.1520c and 416.920c. Further consideration should be given to the prior administrative medical findings.

AR 249. Finally, AC noted that:

> The hearing decision does not adequately consider the nature and severity of the claimant's carpal tunnel syndrome and ulnar neuropathy. At step 2 of the sequential evaluation process, the decision finds the claimant has severe degenerative disc disease of the lumbar and cervical spine and obesity; no other physical impairments are evaluated (Finding 3). The medical records show the claimant has sought treatment for upper extremity numbness and weakness. EMG and nerve studies have been abnormal, showing bilateral carpel tunnel syndrome and ulnar neuropathy (Exhibits 1F, pages 1-18; 22F, pages 1-2). Consideration of the nature and severity of these impairments is warranted pursuant to 20 CFR 404.1520(c) and 416.920(c)."

AR 249.

### C. The Third ALJ Decision and Appeals Council Denial of Request for Review

After the second remand and another hearing, an ALJ issued a decision on August 8, 2024. AR 14-43 (the "Third ALJ Decision"). The ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease, carpal tunnel syndrome, obesity, fibromyalgia, ulnar neuropathy, sleep apnea, and depressive disorder. AR 20. The ALJ found that no listings were met or equaled. AR 20-24. The ALJ again found Plaintiff disabled as of August 20, 2019 but not disabled prior to that date. AR 31. The ALJ found that prior to August 20, 2019, Plaintiff had the ability to perform light work with certain limitations and that jobs available to her included "sorter", "hand packer", "inspector", and sedentary exertional work as "bench packer", "trimmer", and "inspector," AR 24, 31. The ALJ discounted Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms during this time period. AR 27. As with the Second ALJ Decision, the ALJ decided that beginning on August 20, 2019, Plaintiff had the RFC to perform sedentary work with certain limitations, but there were no jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 28, 31. The ALJ found Plaintiff disabled pursuant to Rule 201.12 of the Medical-Vocational Guidelines as of August 20, 2019. AR 31.

Plaintiff sought review of the Third ALJ Decision, but the Appeals Council denied the request for review. AR 1-6, 561-562.

### D. This Action

Plaintiff timely filed this action, seeking review of the ALJ's selection of an onset date of August 20, 2019 in the Third ALJ Decision. Dkt. 1. In accordance with the Federal Rules of Civil

Procedure Supplemental Rules for Social Security Actions, the Parties have presented the action for decision on the briefs. Dkt. 12 (Plaintiff's opening brief); Dkt. 16 (Commissioner's brief); Dkt. 17 (Plaintiff's reply brief); *see generally* Fed. R. Civ. P. Supp. SS Rule 5. The action is now ready for decision without oral argument.

## II. DISCUSSION

In her opening brief, Plaintiff asserted that the ALJ committed numerous errors when she concluded that Plaintiff was not disabled during the period from August 15, 2014 (Plaintiff's alleged onset date) until August 19, 2019. Dkt. 12. In the Commissioner's response, he stated that he did not dispute Plaintiff's arguments regarding issues in the ALJ's findings for the disputed time period and agreed that the case should be remanded. Dkt. 16. The only remaining dispute between the Parties is whether the case should be remanded for the calculation and award of benefits or for further administrative proceedings. Plaintiff contends that the Court should apply the credit-as-true rule and remand for the calculation and award of benefits. Dkt. 12 at 16-17; Dkt. 17 at 2-6. The Commissioner contends that the proper course of action is to remand for further proceedings. Dkt. 16 at 2-5.

### 1. Legal Standard

The Social Security Act permits courts to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see also* *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014). When an error is found, "the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017) (citation omitted). Remand for further proceedings is appropriate where the record does not clarify whether the ALJ would be required to find a plaintiff disabled if all the evidence were properly evaluated. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

However, the court may instead remand for an award of benefits if the three factors of the "credit-as-true" rule are met. *Garrison*, 759 F.3d at 1019; *see also Benecke*, 379 F.3d at 593. First, the court determines whether the record has been fully developed, if there are any outstanding issues that must be resolved, or if further administrative proceedings would serve a

United States District Court
Northern District of California

useful purpose. *See Leon*, 880 F.3d at 1047. Second, the court determines whether "the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Garrison*, 759 F.3d at 1020. Finally, the Court analyzes whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.*

All three parts of the standard "must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits." *Garrison*, 759 F.3d at 1020. Even if all three factors are met, however, the Court may decline to remand for an award of benefits if, upon review of the record as a whole, there is "serious doubt" that the claimant is disabled. *Id.* at 1021; *see also Albert B. v. Kijakazi*, No. 5:22-CV-00865-EJD, 2023 WL 6462856, at *3 (N.D. Cal. Sept. 29, 2023).

**2. Analysis**

The ALJ has already determined that Plaintiff was disabled as of August 20, 2019. *See* AR 31. As Plaintiff frames the question in this appeal, she is "already on benefits, so the only question is when onset occurred …" Dkt. 12 at 17. Specifically, the disputed time period at issue is from August 15, 2014 (Plaintiff's alleged onset date) to August 19, 2019 (the day before the ALJ found that Plaintiff became disabled). For the reasons that follow, the Court concludes that all three parts of the credit-as-true test are satisfied and that remand for the calculation and award of benefits is warranted for disputed time period.

**a. First element: state of the record**

The first element of the credit-as-true test is satisfied because the record has been fully developed. In the more than eight years since Plaintiff filed for benefits in December 2017, there have been three ALJ hearings, with the second and third taking place after remands by the Appeals Council. Plaintiff has already been found disabled as of August 20, 2019, and the only remaining issue is whether an earlier onset date is correct. Neither party argues that additional medical opinions would be necessary. The Commissioner simply argues that "[t]he record is not free from conflicts and ambiguities" and that the ALJ should have an opportunity to "further consider the medical evidence and Plaintiff's subjective symptom testimony …" Dkt. 16 at 3, 4. Such

arguments do not foreclose application of the credit-as-true rule. *Garrison*, 759 F.3d at 1021 ("Although the Commissioner argues that further proceedings would serve the 'useful purpose' of allowing the ALJ to revisit the medical opinions and testimony that she rejected for legally insufficient reasons, our precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose' under the first part of credit-as-true analysis." (citations omitted)).

Here, the record concerns a closed time period, and ALJs have had three opportunities to evaluate the record but have erred each time. Further delaying resolution under these circumstances would be particularly unjust. *See Benecke*, 379 F.3d at 595 ("Remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand" (internal quotation marks and citation omitted).

**b. Second element: ALJ error**

The second element of the credit-as-true test is satisfied because the Commissioner concedes that the ALJ erred. *See* Dkt. 16 at 2. Plaintiff asserted the following errors in her opening brief:

1. The ALJ's explanation for selecting the August 20, 2019 onset date was not based on substantial evidence. Plaintiff argued that the ALJ failed to support this determination with substantial evidence and mischaracterized and cherry-picked evidence to support the onset date.
2. The ALJ wrongly rejected Plaintiff's statements about her impairments and limitations for the time period before August 20, 2019. According to Plaintiff, the ALJ discounted her symptom testimony on the grounds that she was still able to perform activities of daily living but failed to cite any substantial evidence about daily activities that contradicted Plaintiff's testimony or were directly transferable to a work setting.
3. The ALJ wrongly decided the persuasiveness of the medical opinions to support the

incorrect onset date. Plaintiff argued that the ALJ misread the opinion of the non-examining state agency consultant (Dr. Joan Bradus) that Plaintiff could perform light work, which concerned only a 7-month period from May 2017 to January 2018 and not the entire 2014-2019 time period at issue. Plaintiff also argued that the ALJ improperly discounted the opinion of Plaintiff's treating doctor, Dr. Norman Banks, who diagnosed Plaintiff with fibromyalgia and lumbar and cervical stenosis with a date of onset was February 2014. AR 1670. Dr. Banks opined that plaintiff was limited to less than 10 pounds lifting occasionally and frequently, and less than 2 hours standing, walking and sitting. AR 1670. Plaintiff contended that Dr. Banks' opinions were supported by medical findings. Dkt. 12 at 14. Plaintiff further argued that the ALJ failed to properly evaluate the interrogatory responses of nonexamining medical expert Dr. Beverly Yamour. *Id.* at 15. Plaintiff also argued that the ALJ's RFC determinations do not correspond with any medical source. *Id.* at 16.

The Commissioner's brief responded by stating: "The Commissioner is not disputing Plaintiff's arguments regarding issues in the ALJ's findings for the period prior to August 20, 2019" and "has agreed to remand this case for further proceedings so that the ALJ can reevaluate the evidence concerning Plaintiff's physical impairments and reevaluate Plaintiff's subjective symptom testimony for this period." Dkt. 16 at 2.

**c. Third element: whether the ALJ would be required to find the claimant disabled on remand**

Evaluation of whether this case satisfies the third element of the credit-as-true test requires discussion of the Social Security Administration's Medical-Vocational Guidelines, frequently referred to as the "grids." *See* 20 C.F.R. Part 404, Subpart P, Appendix 2. SSA provides the grids "[t]o improve both the uniformity and efficiency of" the ALJ's disability determination. *Heckler v. Campbell*, 461 U.S. 458, 461 (1983). "The grids correlate a claimant's age, education, previous work experience, and residual functional capacity to direct a finding of either disabled or not disabled." *Cooper v. Sullivan*, 880 F.2d 1152, 1155 (9th Cir. 1989). If the grids direct a finding

of disabled, the ALJ must accept that finding. *Id.* at 1157. However, if the grids do not align with a "claimant's abilities and limitations, such as when the claimant has both exertional and nonexertional limitations," then rather than directing a finding, the grids provide a framework for the ALJ's analysis. *Id.* at 1155. More specifically, "the grids serve as a ceiling and the ALJ must examine independently the additional adverse consequences resulting from the nonexertionary impairment." *Id.* at 1156.

Here, the ALJ found that beginning on August 20, 2019, Plaintiff's RFC was limited to sedentary work with additional limitations. AR 28.[1] The ALJ concluded that as a result, Plaintiff was disabled under Rule 201.12 of the grids beginning on that date "even if [she] had the residual functional capacity for the full range of sedentary work." AR 31. Rule 201.12 provides that an individual such as Plaintiff, with a high school education and no prior work experience (*see* AR 30), is disabled if she is limited to sedentary work and is "approaching advanced age," *i.e.*, ages 50-54. The grids do not compel a finding of disability with respect to a "younger individual" aged 45-49 with the same education and work experience. *See id.* at Rules 201.17-201.22.

Thus, the result under the grids depends on whether a claimant is over or under 50 years old. Plaintiff turned 50 on December 10, 2016, which was during the disputed time period for which Plaintiff claims she is entitled to additional benefits. *See* AR 563 (identifying Plaintiff's date of birth as December 10, 1966). In her briefs in this case, Plaintiff notes that the grids "applied back to the time that plaintiff turned 50 years old in December 2016." Dkt. 12 at 17 ("The same medical vocational rule applied for the judge for the period August 20, 2019, limiting plaintiff to sedentary work, and applied back to the time that plaintiff turned 50 years old in December 2016, directs a finding of disability" (citing Rule 201.12)); *see also* Dkt. 17 at 4 ("Even if plaintiff was found capable of two hours of standing and walking and six hours of sitting, Social Security regulations direct a finding of disability based on those limitations" (citing Rule 201.12)).

Therefore, the Court will analyze the disputed time period in two parts: the period after Plaintiff turned 50 and the period before she turned 50.

[1] Sedentary work requires that "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday…" SSR 83-10.

**i. December 10, 2016 to August 19, 2019 (Plaintiff aged 50 and above)**

As explained above, the ALJ already found Plaintiff disabled beginning August 20, 2019. Plaintiff argued in her opening brief that the ALJ erred in evaluating Dr. Banks' opinion and Dr. Yamour's interrogatory responses, which pertain to earlier time periods. Dkt. 12 at 14-16. In response, the Commissioner stated that he "is not disputing Plaintiff's arguments regarding issues in the ALJ's findings for the period prior to August 20, 2019." Dkt. 16 at 2.

Dr. Banks, who had treated Plaintiff for eight years, opined in January 2021 that Plaintiff was limited to less than 2 hours of standing, walking and sitting in an eight hour workday. AR 1670. Dr. Banks opined that the date of onset was February 2014. *Id.* If the opinion of Dr. Banks were credited, Plaintiff would be limited to sedentary work dating back to her alleged onset date of August 15, 2014. *See* SSR 83-10.

Dr. Yamour opined on April 23, 2024, that Plaintiff was limited to only 30 minutes of standing and one hour of walking in an eight hour workday, which is still less than the minimum threshold established by Social Security regulations. AR 2854. Dr. Yamour cited to records from 2017 and thus reinforced Dr. Banks' opinion as to a portion of the time period covered by his opinion. *See* AR 2853 (citing evidence from 2017).

The Commissioner nevertheless argues that "evidence in the record shows that there is serious doubt as to disability and that a remand for further proceedings is appropriate," citing the opinion of state agency medical consultant Dr. Bradus on January 25, 2018, that Plaintiff could perform light work, while occasionally performing other postural activities. Dkt. 16 at 4 (citing AR 145-147) As the Commissioner acknowledges in a footnote, Dr. Bradus' opinion "stands in opposition to" the opinions of Dr. Banks and Dr. Yamour. Dkt. 16 at 4 n. 2. The Commissioner argues that it is appropriate to remand for further proceedings when there are conflicting medical opinions in the record. *Id.* at 4 (citing *Washington v. Kijakazi*, 72 F.4th 1029, 1041-42 (9th Cir. 2023)).

*Washington* is distinguishable. In that case, "[b]ecause the ALJ found no severe impairment prior to the date last insured, the ALJ did not proceed past step two in [the claimant's] disability analysis." *Washington*, 72 F.4th at 1041. It thus appears that the ALJ had not, in the

first instance, evaluated the conflicting medical evidence in the record. *Id.* Here, by contrast, several ALJs have already evaluated the medical evidence (including the opinions of Drs. Banks, Yamour, and Bradus), including in connection with the Third ALJ Decision now under review. The Appeals Council twice remanded the case, and on the second occasion specifically noted that "Dr. Banks opined that the claimant could only sit and stand/walk for less than 2 hours each in a workday, and the date of onset of her impairments was February 2014, and he had treated the claimant since that time" and directed that "[f]urther consideration should be given to this opinion evidence." AR 248. In this appeal, the Plaintiff argued that the ALJ erred in relying on the opinion of Dr. Bradus for the time period prior to May 2017 and in discounting the opinions of Dr. Banks and Dr. Yamour (Dkt. 12 at 14-16), and the Commissioner appears to concede that the ALJ erred (*see* Dkt. 16 at 2 ("The Commissioner is not disputing Plaintiff's arguments regarding issues in the ALJ's findings for the period prior to August 20, 2019")).

If Dr. Banks' opinion is credited, Plaintiff would be conclusively disabled under Rule 201.12 of the grids beginning on the day she turned 50, *i.e.*, for the additional period of December 10, 2016 to August 19, 2019. *See Pierce v. Astrue*, 382 Fed. App'x 618, 620 (9th Cir. 2010) (remanding for computation of benefits where crediting medical opinion as true would result in a finding under the grids that claimant was conclusively disabled); *see also Lounsburry v. Barnhart*, 468 F.3d 1111, 1115-16 (9th Cir. 2006) ("[W]here application of the grids directs a finding of *disability*, that finding must be accepted by the Secretary … whether the impairment is exertional or results from a combination of exertional and non-exertional limitations" (citation omitted; emphasis in original)).

Thus, with respect to the portion of the disputed time period from December 10, 2016 (the day Plaintiff turned 50) to August 19, 2019 (the day before the onset date determined by the ALJ), the three factors of the credit-as-true test are satisfied and there is no "serious doubt" that the claimant is disabled. *See Garrison*, 759 F.3d at 1022-23. Accordingly, the Court remands the matter for the calculation and award of benefits for the additional time period from December 10, 2016 to August 19, 2019.

**ii. August 15, 2014 to December 9, 2016 (Plaintiff under age 50)**

As discussed above, the grids do not compel a finding of disability as to the portion of the disputed time period before Plaintiff turned 50 years old. *See* Rules 201.17-201.22 of the Medical-Vocational Guidelines. Nevertheless, a decision of "disabled" may be appropriate for some … individuals age 45-49 for whom rule 201.17 does not direct a decision of disabled[] who do not have the ability to perform a full range of sedentary work." Rule 201.00(h)(3) of the Medical-Vocational Guidelines; *see also Lounsburry*, 468 F.3d at 1116 ("Because the grids are not designed to establish automatically the existence of jobs for persons with both severe exertional and non-exertional impairments, they may not be used to direct a conclusion of *nondisability*" (citation omitted; emphasis in original).[2]

The Commissioner argues that remand for further proceedings is warranted because "[t]he record is not free from conflicts and ambiguities" and "evidence in the record shows that there is serious doubt as to disability." Dkt. 16 at 3-4. In support of this argument, the Commissioner cites "the prior administrative findings of the State agency medical consultant at the initial level [which] found that Plaintiff could perform light work, while occasionally performing other postural activities." *Id.* at 4 (citing AR 145-147). This citation is to the report of Dr. Bradus. That report, which was dated January 25, 2018, specifically stated that the RFC assessment was for "05/01/2017 to present" (AR 146), and all of the medical evidence cited was from 2017. AR 144. Dr. Bradus' report stated that there was "IE from AOD till 5/17." AR 147. Plaintiff interprets this as a finding by Dr. Bradus that there was insufficient evidence for the period from Plaintiff's alleged onset date of August 15, 2014 through May 2017. Dkt. 12 at 13. The Commissioner notes but does not directly dispute this argument. *See* Dkt. 16 at 4-5 ("Even if the Court finds error in the ALJ's analysis of this evidence (which the Commissioner does not concede), remand for further proceedings is the proper remedy. The Court is not a factfinder" (citation omitted)). The Commissioner's "does not concede" comment is difficult to square with the concession elsewhere in his brief that he "is not disputing Plaintiff's arguments regarding

---

[2] The ALJ assessed Plaintiff as having a number of nonexertional limitations in the time period prior to August 20, 2019. AR 24.

issues in the ALJ's findings for the period prior to August 20, 2019. *Id.* at 2. Nevertheless, the Commissioner offers no explanation of how Dr. Bradus' report could provide evidence of Plaintiff's RFC during the portion of the disputed period from August 15, 2014 through December 10, 2016.

The Commissioner also notes that the ALJ cited to other medical records in support of her light work findings. Dkt. 16 at 4 (noting citations at AR 27 to AR 826, 878). AR 826 is report concerning an EMG procedure performed in November 2017, and AR 878 contains notes of an examination in August 2017. Neither of these records provide evidence of Plaintiff's RFC during the period August 15, 2014 through December 10, 2016.

Thus, although the Commissioner argues that remand for further proceedings is necessary "so that the ALJ can serve as fact-finder, reassess the medical evidence, reevaluate Plaintiff's testimony, and resolve any conflicts in the evidence" (Dkt. 16 at 5), he has not identified any evidence in the record that conflicts with the conclusion, based on Dr. Banks' assessment, that Plaintiff was limited to sedentary work from her alleged onset date of August 15, 2014 through the day she turned 50 on December 10, 2016.

Thus, with respect to the portion of the disputed time period from August 15, 2014 to December 9, 2016, the three factors of the credit-as-true test are satisfied and there is no "serious doubt" that the claimant is disabled. *See Garrison*, 759 F.3d at 1022-23. Accordingly, the Court also remands the matter for the calculation and award of benefits for the additional time period from December 10, 2016 to August 19, 2019.

## III. CONCLUSION

Based on the Third ALJ Decision, Plaintiff has been found to be disabled beginning on August 20, 2019, and nothing in this appeal or Order challenges or disturbs that finding. Instead, this appeal and Order concern whether Plaintiff is also entitled to benefits for the disputed time period from August 15, 2014 (Plaintiff's alleged onset date) to August 19, 2019 (the day before the onset date selected by the ALJ).

////

////

United States District Court
Northern District of California

The Parties agree that the Commissioner's decision concerning the disputed time period must be reversed and remanded. *See* Dkt. 12, 16. Accordingly, and for the reasons discussed above, the Court **ORDERS** as follows:

1. The Commissioner's decision regarding the disputed time period August 15, 2014 to August 19, 2019 is **REVERSED**; and

2. The case is **REMANDED** for the calculation and payment of benefits for the period additional time period August 15, 2014 to August 19, 2019.

**SO ORDERED.**

Dated: August 21, 2026

SUSAN VAN KEULEN
United States Magistrate Judge